

2011 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-20-2011

# In Re: Lemington Home

Precedential or Non-Precedential: Precedential

Docket No. 10-4456

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2011

Recommended Citation

"In Re: Lemington Home " (2011). *2011 Decisions.* Paper 288.
http://digitalcommons.law.villanova.edu/thirdcircuit_2011/288

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2011 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4456
_____

In re: LEMINGTON HOME FOR THE AGED

OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
ON BEHALF OF THE ESTATE OF LEMINGTON HOME
FOR THE AGED,

Appellant

v.
ARTHUR BALDWIN; LINDA COBB; JEROME
BULLOCK; ANGELA FORD; JOANNE ANDIORIO; J.W.
WALLACE; TWYLA JOHNSON; NICOLE GAINES;
WILLIAM THOMPKINS; ROY PENNER; MELODY
CAUSEY; JAMES SHEALEY; LEONARD R. DUNCAN;
RENEE FRAZIER; CLAUDIA ALLEN; EUGENE
DOWNING; GEORGE CALLOWAY; B. J. LEBER;
REVEREND RONALD PETERS
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-10-cv-00800)
District Judge: Honorable Arthur J. Schwab
_____

Argued July 11, 2011

Before: SLOVITER, FUENTES and VANASKIE,
*Circuit Judges*.

(Opinion Filed September 21, 2011)

Robert S. Bernstein, Esq.
Kirk B. Burkley, Esq.
Nicholas D. Krawec, Esq.  *Argued*
Krawec Bernstein Law Firm, PC
707 Grant Street
Suite 2200, Gulf Tower
Pittsburgh, PA 15219-0000
        *Counsel for Appellants*

Mark R. Hamilton, Esq.  *Argued*
Philip J. Sbrolla, Esq.
Cipriani & Werner
650 Washington Road
Suite 700
Pittsburgh, PA 15228

Todd M. Raskin, Esq.
Mazanec, Raskin & Ryder
100 Franklin's Row
34305 Solon Road
Cleveland, OH 44139
        *Counsel for Appellee Arthur Baldwin*


Suzanne B. Merrick

2

Thomas, Thomas & Hafer
301 Grant Street
One Oxford Centre, Suite 1150
Pittsburgh, PA 15219-0000
    *Counsel for Appellee James Shealey*

——————

ORDER AMENDING OPINION
——————

VANASKIE, *Circuit Judge*.

IT IS NOW ORDERED the above captioned case be amended as follows:

Footnote 5 shall now read:

> The District Court erroneously held that the presumption of the business judgment rule is overcome only by evidence of gross negligence. The District Court cited a Delaware Supreme Court case which held that "under the business judgment rule director liability is predicated upon concepts of gross negligence." *Aronson v. Lewis*, 473 A.2d 805, 812 (Del. 1984) (overruled on other grounds). Pennsylvania, however, recognizes directors' and officers' liability for *negligent* breach of fiduciary duty. *See, e.g.*, *Wolf v. Fried*, 373 A.2d 734, 735 (Pa. 1977) ("[E]ven in the absence of fraud, self-dealing, or proof of personal profit or wanton acts of omission or commission, the directors of

3

a corporation may be held personally liable where they have been imprudent, wasteful, careless and negligent and such actions have resulted in corporate losses."). Of course, a non-profit corporation may restrict the circumstances under which a director may have personal liability for negligent acts by adoption of an appropriate by-law, *see* 15 Pa. C.S. § 5713(a), in which event a director may be liable for a breach of fiduciary duties or a failure to perform the duties of the office only if "the breach or failure to perform constitutes self-dealing, willful misconduct or recklessness." 15 Pa. C.S. § 5713(a)(2). While the Home adopted an appropriate by-law, there is a genuine dispute of fact as to whether alleged breaches of fiduciary duties constituted self-dealing. Moreover, there is no comparable statutory limitation of liability for the officers of a non-profit corporation. Thus, a trial is required on the claims against Causey and Shealey on the question of whether they failed to exercise "such care, including reasonable inquiry, skill and diligence, as a person of ordinary prudence would use under similar circumstances." 15 Pa. C.S. § 5712(c).

s/ Thomas I. Vanaskie
Circuit Judge

DATED: October 20, 2011
PDB/cc: All Counsel of Record

4